**Juan Jose GALVEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75758.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Gary Finn, Esq., Law Offices of Gary Finn, Indio, CA, for Petitioner.

CAS–District Counsel, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, San Diego, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Juan Jose Galvez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's order denying his motion to reopen removal proceedings in which he was ordered removed in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

The BIA's decision did not address Galvez's contention that the plain language of the Immigration and Nationality Act requires rescission of his in absentia removal order. *See* 8 U.S.C. §§ 1229(a)(1)(G)(i) (requiring notices to appear to specify the "time and place at which the proceedings will be held"); 1229a(b)(5)(C)(ii) (stating that in absentia orders may be rescinded

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section [1229(a) ]"). We therefore remand this matter to the BIA so the agency may consider Galvez's claim in the first instance. *See Barroso v. Gonzales,* 429 F.3d 1195, 1208–09 (9th Cir. 2005) (remanding after stating that the BIA is "not free to ignore arguments raised by a petitioner" (internal quotation marks and citation omitted)); *see also INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

In light of our disposition, we need not reach Galvez's due process contention.

**PETITION FOR REVIEW GRANTED; REMANDED.**